UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 4:07CR109 ERW |
| ) | (FRB) |
| DENNIS KEELY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). The defendant filed a Motion To Suppress Evidence And Statements (mistitled as Motion To Suppress Evidence and Identification). Testimony and evidence was adduced on the motion at a hearing before the undersigned on June 7, 2007. From the testimony and evidence adduced at the hearing the undersigned makes the following findings of fact and conclusions of law.

Findings of Fact

On November 15, 2005, Officers James Daly and Ronald Fowlkes of the St. Louis, Missouri, Police Department were on routine patrol in the vicinity of Osage and Nebraska streets in St. Louis. Both are veteran police officers. Officer Daly had patrolled in the area for six years and was familiar with the neighborhood. The area is a high crime area noted for drug sales,

car thefts, robberies and other violent criminal activity. A local street gang is active in the area. The officers were riding in a marked police car and were in uniform. Officer Fowlkes was driving.

At about 11:15 p.m. as the officers were traveling eastbound on Osage Street they saw two men sitting in a maroon colored Mustang car parked on Osage facing in a westerly direction. Officer Fowlkes pulled the police car up to and in front of the parked car and shined the spotlight of the police car into the parked car. The officers got out of their vehicle intending to speak with the occupants of the parked vehicle. As they did so the man seated in the passenger seat of the Mustang opened the door, got out, turned and began walking east on Osage Street on the sidewalk. Officer Daly shined his flashlight on the man and saw that he dropped in front of him as he walked away a clear plastic bag which contained chunks of an off white colored substance which Officer Daly believed to be crack cocaine.

Officer Daly then yelled to Officer Fowlkes that the man had "tossed", a term that both of the officers understood to mean that the subject had abandoned contraband. Officer Daly told the man, later identified as Dennis Keely, the defendant here, to stop. Keely then began to run and officer Fowlkes gave chase. Officer Daly retrieved the plastic bag dropped by Keely and remained at the police car with the driver of the Mustang.

Keely ran between houses located at 2851 and 2849 Osage. He encountered a wooden fence which he tried to scale. Officer Fowlkes yelled to Keely to stop. When he did not do so Officer Fowlkes fired at Keely with his Taser gun. Officer Fowlkes explained that the Taser fires electrically charged darts that immobilize a person for five seconds if the darts strike the body. The first darts fired by Officer Fowlkes were ineffective because they didn't penetrate the heavy leather coat worn by Keely.

Keely was unable to climb over the wooden fence. He then turned and attempted to run back past Officer Fowlkes. As he did the Officer fired another round of Taser darts which hit Keely in the chest. Keely dropped to the ground. Officer Fowlkes then attempted to handcuff Keely, but Keely continued to resist and to struggle. Officer Fowlkes then placed the Taser gun against Keely's neck, sending a charge which again immobilized him. Keely then stopped his resistance. Officer Fowlkes then handcuffed Keely and took him back to the area where the Mustang was parked.

When Officer Daly looked into the plastic bag which he had retrieved he saw that it contained several chunks of off white colored substance which he believed to be crack cocaine, and a chunk of black colored substance which he believed to be heroin.[1]

---

[1] Police laboratory tests later confirmed these substances to be cocaine base (crack) and heroin.

Officer Daly then told Keely he was under arrest for Violation of the Missouri Controlled Substance Law and Resisting Arrest. Officer Daly then advised Keely of the <u>Miranda</u> rights by reading them to Keely from a card. Specifically, he told Keely that he had the right to remain silent; that anything he said could be used against him; that he had the right to an attorney and to have the attorney present during questioning if he wished; and that if he could not afford an attorney one would be appointed for him before questioning if he wished. Keely said that he understood these rights. Keely then said to the officers, "I aint worried. You didn't catch me with that. Ill beat this. Do what you gotta do."

Keely was offered medical attention before being transported for booking, but declined.

Discussion

As grounds to suppress the evidence seized from him the defendant asserts in his motion that the officers "had no reasonable suspicion to approach the vehicle parked in front of 2851 Osage." He claims that all of the evidence sized was thus the result of an unlawful search and seizure.

When a police officer, by means of physical force or show of authority, restrains the liberty of a person, then a seizure within the meaning of the Fourth Amendment has occurred. <u>Terry v. Ohio</u>, 392 U.S. 1, 19 n.16 (1980). A seizure of a person for investigatory purposes must be supported by a reasonable

articulable suspicion that the person seized is or has been involved in criminal activity.  Id. at 20-21.  However, not all encounters between police officers and citizens implicate the Fourth Amendment.  Id. at 19, n.16.  Police officer do not violate the Fourth Amendment by approaching an individual in a public place in order to ask that person questions.  Florida v. Royer, 460 U.S. 491, 497 (1983).  "This is true even if the officer has no reason to suspect the individual of unlawful activity." United States v. Pulliam, 265 U.S. 736, 741 (8th Cir. 2001).

Thus Officers Daly and Fowlkes' approach of the automobile occupied by the defendant was not required to be supported by reasonable suspicion of unlawful activity and did not violate the Fourth Amendment.

As the officers approached, defendant Keely got out of the car and turned to walk away.  As Keely did so Officer Daly saw him drop an object to the ground.  Officer Daly saw the object to be a bag containing off white colored chunks of a substance which he believed to be crack cocaine and he subsequently seized the bag and confirmed its contents, finding additionally that it also contained a chunk of what appeared to be heroin.  When defendant Keely dropped the bag he abandoned any privacy interest in the bag and the subsequent seizure and search of the bag were lawful.  California v. Hodari D., 499 U.S. 621 (1991); United States v. Segars, 31 F.3d 655, 657-58 (8th Cir. 1994).

Once Officer Daly saw that the defendant had dropped what appeared to be crack cocaine there was probable cause to arrest the defendant. <u>United States v. Watson</u>, 423 U.S. 411 (1976); R.S.Mo. § 195.202. Further, when the defendant fled and refused to stop as ordered there was probable cause to arrest him for the offense of resisting arrest. R.S.Mo. § 575.150.1(1).

As grounds to suppress the statements made by him the defendant asserts in his motion that the statement was the product of an unlawful search and seizure. As discussed above, the officers did not make an unlawful search or seizure and this claim has no merit.

The defendant also asserts that the officers did not advise him of his constitutional rights before he made the statement. This claim is not supported by the evidence adduced at the hearing. Officer Daly testified that he advised the defendant of his rights as required by <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and that the defendant acknowledged that he understood those rights. The defendant's statement is therefore admissible. <u>United States v. Ingram</u>, 839 F.2d 1327, 1329 (8th Cir. 1988). Moreover, the statement was volunteered by the defendant and was not in response to questioning by the officers and is therefore admissible. <u>United States v. Wipf</u>, 397 F.3d 677 (8th Cir. 2005). There is no evidence that the statements made by the defendant were the result of any threats, promises or force by the officers and

the statements were therefore voluntary.  <u>Colorado v. Connelly</u>, 479 U.S. 157 (1986).

<u>Conclusion</u>

For all of the foregoing reasons the defendant's Motion To Suppress Evidence And Statements should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant's Motion To Suppress Evidence And Statements (Docket No. 24) be denied.

The parties are advised that they have until **Tuesday, June 26, 2007,** in which to file written objections to this Report and Recommendation.  Failure to timely file objections may result in waiver of the right to appeal questions of fact.  <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

_/s/ Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of June, 2007.